IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS E. LINDSLEY,

                Petitioner,                            OPINION and ORDER

v.

                                                15-cv-361-slc

MICHAEL MEISNER, Warden,
Redgranite Correctional Institution,[1]

                Respondent.

---

Petitioner Curtis E. Lindsley has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a judgment of conviction for second degree sexual assault, entered on December 12, 2007 by the Circuit Court for Brown County in case no. 06CF1302. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

Lindsley's petition has a lot of problems. First, Lindsley does not clearly identify the grounds on which he seeks to challenge his conviction. He states that his lawyer was ineffective for failing to file a direct appeal of his conviction, but he never identifies any grounds that his lawyer *should* have raised on appeal. This is important because a lawyer's failure to appeal is not, all by itself, a basis to grant habeas relief. Failing to appeal is only a problem this failure results

---

[1] Petitioner named "Wisconsin Circuit Court Branch 8, Brown County, Green Bay, WI" as respondent. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts, the proper respondent is the warden of the prison at which the petitioner is incarcerated. Accordingly, the court has substituted Michael Meisner, the warden of Redgranite Correctional Institution, as respondent.

in some genuine ground to win the appeal goes unraised.  This court can grant a petition under § 2254 only if the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States."  Lindsley has not identified any ground on which this court could find that he is in custody in violation of the Constitution or federal law.

A second problem with the petition is that Lindsley concedes that he has failed to exhaust his state court remedies.  Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  Here, Lindsley admits in his petition that he did not file a direct appeal or any other post-conviction motion for relief in state court.

When a petitioner fails to exhaust state court remedies, a federal court generally dismisses a petition without prejudice to allow the petitioner to exhaust his state remedies and then refile his habeas petition after he has exhausted.  Here, Lindsley's deadline for filing a direct appeal has expired, but he might be able to challenge his conviction through a post-conviction motion under Wis. Stat. §974.06.  That statute allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post-conviction remedy.  Although a petitioner is procedurally barred from raising a claim in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal, ineffective assistance of appellate counsel may provide a sufficient reason. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (describing procedure for challenging effectiveness of appellate counsel).

However, dismissal without prejudice to allow Lindsley to attempt exhaustion would be pointless in this situation, because Lindsley waited much too long to file his petition. Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. That deadline may be extended if the state prevented the petitioner from filing earlier, or if the Supreme Court has recognized a new constitutional right, or if the petitioner has discovered new facts supporting his claim, but petitioner does not allege that any of those things apply to his case. 28 U.S.C. § 2244(d)(1)(B)-(D).

According to the petition and to electronic court records, Lindsley was sentenced on December 4, 2007. His counsel filed a notice of intent to pursue post-conviction relief on December 6, 2007, and ordered a copy of the transcript on January 16, 2008. The complete transcript was provided by March 18, 2008. Under Wis. Stat. § 809.30(2)(h), Lindsley had 60 days after receipt of the transcript to file a notice of appeal or motion for post-conviction relief. He did not pursue a direct appeal or post-conviction relief, so his conviction became final on May 19, 2008. His one-year clock for filing a federal habeas petition began running the next day, May 20, 2008. It expired one year later, on May 19, 2009.

Lindsley did not file his habeas petition until June 11, 2015, over five years too late. It is plainly untimely under § 2244(d)(1)(A). Lindsley may contend that his one-year clock was tolled because he filed several requests to reinstate his direct appeal rights in Wisconsin Court of Appeals, case no. 2008XX750. Under § 2244(d)(2), the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation. However, Lindsley's petition and the electronic records from Case No. 2008XX750 show that Lindsley never "properly" filed "an application for state post-conviction or other collateral review." Rather, Lindsley filed letters with the Court of Appeals asking that

3

his direct appeal rights be reinstated and arguing that his counsel failed to properly explain his appeal options. The Court of Appeals denied these requests and declined to reinstate Lindsley's direct appeal rights. Lindsley's letters did not toll Lindsley's federal habeas clock, as they were not properly filed appeals or motions for post-conviction relief. As the Court of Appeals pointed out, Lindsley never filed a direct appeal or any other proceeding in the Court of Appeals. (*See* Oct. 20, 2008 and July 6, 2010 docket entries, case no. 2008XX750). Moreover, even if his habeas clock had been tolled as a result of his filings with the Court of Appeals, Lindsley's petition would still be untimely because the Court of Appeals rejected Lindsley's most recent request to reinstate his appeal rights on September 10, 2013, more than one year and nine months before he filed his habeas petition. Accordingly, Lindsley's petition is untimely.

An untimely petition may be salvaged if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Here, Lindsley provides no reason why he failed to file his federal habeas petition within the one-year deadline. Although he complains that his appellate counsel was ineffective, this does not explain why Lindsley did not file his *own* motion for post-conviction relief under § 974.06 or why he waited so long to file his habeas petition after the Wisconsin Court of Appeals rejected his attempts to reinstate his direct appeal rights. "Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

4

All of this being so, the Supreme Court has cautioned that before a court may dismiss a habeas petition based on the statute of limitations, the court must give the petitioner fair notice and provide him with an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Accordingly, I will allow Lindsley to supplement his pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED that:

(1) Not later than **February 22, 2016**, petitioner Curtis E. Lindsley is directed to show cause why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

(2) Lindsley should label this document a "Supplement to Petition for a Writ of Habeas Corpus under § 2254" and he should be sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242.

(3) If Lindsley does not submit a Supplement as directed in this order by February 22, 2016, then the court will dismiss his petition with prejudice as untimely under Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 21st day of January, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge