IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS E. LINDSLEY,

                       Petitioner,                      OPINION and ORDER

v.

                                                                 15-cv-361-slc

MICHAEL MEISNER, Warden,
Redgranite Correctional Institution,

                       Respondent.

---

      In an order dated January 22, 2016, I directed petitioner Curtis E. Lindsley to supplement to his petition for a writ of habeas corpus under 28 U.S.C. § 2254 with information showing why his petition should not be dismissed as untimely. Dkt. 8. As I explained in that order, a petition brought under § 2254 has a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. Lindsley's judgment of conviction became final on May 19, 2008, and his one-year clock for filing a federal habeas petition began running the next day, May 20, 2008. Because Lindsley did not properly file a direct appeal, state post-conviction or other collateral review that stayed the limitations period, his one-year clock expired on May 19, 2009. Lindsley did not file his habeas petition until June 11, 2015, over five years too late.

      The one-year deadline may be tolled under the doctrine of equitable tolling, however, if a petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In his response to the January 22 order, Lindsley argues that his petition should not be dismissed because: (1) it's his attorneys'

fault that no direct appeal or other post-conviction challenge was filed; (2) he attempted to obtain discipline of these attorneys by complaining to the Office of Lawyer Regulation; and (3) he could not file his own direct appeal or post-conviction challenge because he did not receive the necessary documents to do so from his former counsel until August 5, 2013. Dkt. 9.

Unfortunately for Lindsley, none of these arguments is sufficient to invoke the extraordinary remedy of equitable tolling. Even if I assume that Lindsley's attorneys were ineffective, Lindsley has not explained why he failed to pursue *his own* motion for post-conviction relief under § 974.06 challenging their ineffectiveness. His complaints with the OLR are not the same as a properly filed motion for post-conviction relief and do not toll the habeas clock. Further, even if I accept Lindsley's explanation that he could not file a post-conviction motion because he lacked access to necessary documents, Lindsley has not claimed that he made any attempts to obtain those documents, either through the court or his attorneys, before 2013. Finally, even if I assume that Lindsley *did* act diligently to obtain the documents he needed, he has not explained why he waited nearly two years to file his habeas petition after he obtained the documents in August 2013 and more than one year after the the Wisconsin Court of Appeals rejected his attempts to reinstate his direct appeal rights.

Although the court is sympathetic to Lindsley's situation and understands that it can be difficult to understand filing requirements and deadlines, lack of familiarity with the law is not a circumstance that justifies equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Here, Lindsley has shown no basis for tolling the one-year habeas deadline. Because he

did not present his habeas petition within one year after his petition became final, it is time-barred under § 2244(d)(1)(A).

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court has rejected a petitioner's constitutional claims on the merits, then "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*, 529 U.S. at 484. If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need address only one component if that particular showing will resolve the issue. *Id.* at 485.

This petition should not proceed further. No reasonable jurist would disagree that Lindsley's petition is untimely and that he has failed to show that equitable tolling should apply. Therefore, Lindsley is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) The federal habeas corpus petition filed by Curtis E. Lindsley is DENIED and this case is DISMISSED with prejudice.

(2) A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 4th day of February, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge