IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS E. LINDSLEY,

                Petitioner,                      OPINION and ORDER

   v.

                                                               15-cv-361-slc

MICHAEL MEISNER, Warden,
Redgranite Correctional Institution,

                Respondent.

---

In an order dated February 4, 2016, I dismissed petitioner Curtis E. Lindsley's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely because he had filed it more than five years after his deadline had expired. Dkt. 10. I concluded that Lindsley was not entitled to equitable tolling of the deadline because he had not shown that he had diligently pursued his rights or that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Finally, I declined to issue a certificate of appealability, concluding that no reasonable jurist would disagree that Lindsley's petition is untimely and that he had failed to show that equitable tolling should apply.

Lindsley responded by filing two documents: (1) Objections to Magistrate's Report and Recommendation, dkt. 12; and (2) Application for Certification of Appealability, dkt. 13. These documents suggest that Lindsley is attempting to seek review by a district judge of the February 4 order dismissing his petition and denying a certification of appealability under procedures that would apply had the February 4 order been a "Report and Recommendation" under 28 U.S.C. § 636(b)(A) and Fed. R. Civ. P. 72(b). However, because Lindsley consented to jurisdiction by a United States Magistrate Judge in this case, *see* dkt. 5, he consented to my entering a final and

dispositive order on his habeas petition. That means that Lindsley cannot seek review by a district judge of the February 4 order; rather, he must present his request for review directly to the Court of Appeals for the Seventh Circuit.

For the sake of completeness though, I will consider Lindsley's recent filings as requests for reconsideration directed to me. In both filings, Lindsley argues that he should be entitled to equitable tolling because he had a debilitating stroke in 2008 that prevented him from obtaining documents necessary to make any post-conviction challenges until August 2013, when he finally received documents from his former counsel. As I explained previously, however, Lindsley has provided no legitimate explanation why he waited nearly two years to file his habeas petition *after* receiving documents in August 2013. In other words, even if I accept Lindsley's dubious arguments that his stroke in 2008 qualified as extraordinary circumstances that would completely toll his habeas clock from 2008 to 2013, Lindsley has not pointed to any extraordinary circumstances that would toll the deadline between August 2013 and June 11, 2015, the date on which he finally filed his petition.

Although I am sympathetic to Lindsley's circumstances, his new submissions have not persuaded me to change my conclusion that his petition was untimely. Accordingly, I am denying his requests for reconsideration. If Lindsley wishes to appeal, he may seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that Curtis E. Lindsley's "Objections to Magistrate's Report and Recommendation," dkt. 12; and "Application for Certification of Appealability," dkt. 13 are DENIED.

Entered this 29th day of March, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge